TYSON, Judge.
Hosea Sims was indicted for assault in the second degree in violation of § 13A-6-21, Code of Alabama 1975. The jury found the appellant guilty of the “lesser included offense of assault in the third degree.” The trial judge set sentence at 12 months’ imprisonment in the county jail. The sentence was suspended with the exception of 30 days.
The issues raised on appeal concern the admissibility of “before” and “after” photographs of the victim in this case. Thus, the facts of the case are not relevant to the resolution of these issues and will not be discussed.
I
Immediately prior to the start of the trial in this case the following occurred:
“MR. SIMMONS: Yes, sir. Judge, it’s been brought to my attention that the State has some pictures that they may want to introduce at the trial of this cause. It was not a part of the discovery package at the conference hearing and at the status hearing.
“It was not brought to my attention that they had these pictures. At which time, I ask the State what they intend to prove — what their evidence would be and what they intend to introduce.
“We was (sic) given a standard form at arraignment. I just found out this morning that they do have some pictures. I would just like to object to any mentioning of the pictures or the pictures being introduced into evidence during the course of the trial.
“MR. MARTINO: Judge, I didn’t get the pictures until this morning myself.
“THE COURT: Why not?
“MR. MARTINO: Didn’t have them. Mr. Avery has got the originals. At any rate, Judge, all I would show, the only reason I would use the pictures would be to show the victim’s condition immediately after the assault.
“THE COURT: Let me see what you’ve got.
“MR. SIMMONS: Judge, we would contend that those are very prejudicial. We do not have enough time to rebut, if they were in, rebut them or to try to produce counter evidence in reference to said pictures.
“I believe Mr. Martino has an obligation to get these to me before the date of the trial. As a matter of fact, Judge, there was never any mention that they had some pictures. They just informed me that they had some pictures.
“THE COURT: Do you want to tell me why the District Attorney’s Office did not produce these photographs?
“MR. MARTINO: Judge, I didn’t have them until this morning. I learned of them moments ago. Mr. Simmons asked me about them, I showed them to him.
“THE COURT: Grant his motion.” (R. 3-4).
[[Image here]]
“THE COURT: Deny your motion. I had previously ruled or granted Mr. Simmons’ motion that certain photographs could not be used by the State.
*795 “Upon reviewing the file and the case Action Summary, I find that no standard order on discovery was rendered, that this particular case—
“MR. SIMMONS: Judge, if I may comment on such.
“THE COURT: All right.
“MR. SIMMONS: There was a sheet of paper given to us. At this time, I would like to mark into evidence, have it identified as the order at Arraignment. And at that particular time that it was given to both the Defendant, his attorney, and the Prosecutor or the Assistant District Attorney, Number Three states that: “Discovery other than the standard order already issued by the Court, is desired by either party, it must be completed before or at the conference set out in Paragraph Four.”
“Such implies that a standard discovery order had already been issued. Or had it not been issued, it would have been issued at that time.
“I would also like to comment on the fact that Number Four on your Order of Arraignment says that: “At this conference, the Prosecutor was to tell the Defendant and his trial attorney what he expects the evidence will be at the trial and what the minimum and maximum penalty could be imposed if there is a conviction.”
“We respectfully submit that the Prosecutor failed to follow this order. He failed to tell the Defendant what the evidence expects to be at the trial. And as a result of that, we feel as though at this time to surprise the Defendant on the date of the trial with some pictures that’s in violation of the Court order, we feel like the pictures are respectfully due to be suppressed and not admitted into evidence.
“But more so than anything, Judge, the Order at Arraignment implies that a standard discovery order was issued.
“MR. MARTINO: Judge?
“THE COURT: Yes, sir.
“MR. MARTINO: Mr. Simmons fails to read Number Two, which you give the Defendant through his attorney time to file special pleas or motions. I don’t think any discovery motions were filed. I certainly was not served with any.
“MR. SIMMONS: I don’t think there was a need for a discovery motion if this implies that a standard discovery order has already been issued.
“MR. MARTINO: The standard discovery order was not issued, Your Hon- or.
“MR. SIMMONS: I’m just only going by the order. The order said if discovery other than the standard order already issued.
“MR. MARTINO: And Judge, it had not been issued. There was no motion to rule on.
“MR. SIMMONS: I think the language is plain and simple.
“THE COURT: All right.
Apparently, in this particular case no standard order was entered. I’m going to allow him to use the photographs. Please go ahead and mark that exhibit that Mr. Simmons has given to you at the break. Mark it for use as far as this motion is concerned.
“And I’m going to let them use the photographs, unless the Defendant can show some prejudice at this point.
“And you had mentioned, Mr. Simmons, that you had not seen them until today, is that correct?
“MR. SIMMONS: Judge, I don’t think seeing a photograph right now would give me adequate time to prepare or to rebut them in any manner. I think such is prejudicial to the Defendant.
“Looking at the photographs right now, it’s not going to do me or the Defendant any good in reference to preparing for this case.
“THE COURT: All right. I’m going to allow him to use it. (R. 10-13).
The appellant contends the trial court erred in allowing the admission of these photographs into evidence because they were not produced until the morning of the trial.
*796 While there is conflicting evidence as to whether a motion for discovery was made by this appellant or a standard discovery order was issued by the trial court, we find it unnecessary to resolve this conflict. For the appellant’s benefit, we shall assume that a discovery motion was made and a discovery order was issued pursuant to Rule 18.1(c), Alabama Temporary Rules of Criminal Procedure. Rule 18.1(c) provides:
“Upon motion of the defendant the court shall order the district attorney to permit the defendant to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, buildings or places, or portions of any of these things, which are within the possession, custody, or control of the state and:
“(1) Which are material to the preparation of his defense; provided, however, the defendant shall not be permitted to discover or inspect reports, memoranda, witness lists, or other internal state documents made by the district attorney or his agents, or by law enforcement agents, in connection with the investigation or prosecution of the case, or statements made by state witnesses or prospective state witnesses;
“(2) Which are intended for use by the state as evidence at the trial; or
“(3) Which were obtained from or belongs to the defendant.
“The court shall impose such conditions or qualifications as may be necessary to protect the chain of custody of evidence, or the attorney’s, law enforcement officer’s, or investigator’s work product, or to prevent loss or destruction of such documents or objects.” (Emphasis added).
It is clear from the record that the State did not receive the photographs until the morning of the trial. Therefore, they were unable to produce what they did not possess.
However, Rule 18.3, Alabama Temporary Rules of Criminal Procedure states:
“Subsequent to compliance with an order issued pursuant to Temporary Rule 18.1 or 18.2, and prior to or during trial, if a party discovers additional evidence or decides to use additional evidence, which information has been subject to discovery under this rule, that party shall promptly notify the court and the opposing party of the existence of the additional evidence to allow the court to modify its previous order for additional discovery or inspection.”
The State certainly complied with Rule 18.3. When the photographs came into the State’s possession, the Court was notified and the appellant was allowed to view them. The trial court committed no error by allowing the admission of the photographs at issue into evidence on this ground.
II
The appellant asserts that the two photographs were not properly authenticated and, therefore, should not have been admitted into evidence.
“A photograph may be authenticated by any witness who is familiar with the subject matter of the picture and who is able to testify that the photograph is a substantially correct depiction of the relevant scene at the time of the event under inquiry.” C. Gamble, McElroy’s Alabama Evidence, § 123.03(3)(3rd ed. 1977).
One witness at trial stated he was present before, during and after the alleged assault and he viewed the victim during each of these periods. This witness looked at one of the photographs and stated it was a fair and accurate depiction of the victim before the assault took place. He testified that the other photograph was a fair and accurate depiction of what the victim looked like after the assault.
The photographs were properly authenticated by this witness and were, therefore, correctly admitted into evidence. There is no basis of error here.
The judgment of the trial court is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.